**Reginald G. MOORE, et al., Plaintiffs,**

v.

**Jeh JOHNSON, Secretary, U.S. Department of Homeland Security, Defendant.**

**Civil Action No. 00–0953 RWR/DAR**

United States District Court, District of Columbia.

Signed September 19, 2014

---

E. Desmond Hogan, Erica Knievel Songer, Hogan Lovell U.S. LLP, Jennifer I. Klar, John Peter Relman, Megan Cacace, Relman, Dane & Colfax, PLLC, Washington, DC, for Plaintiffs.

## MEMORANDUM ORDER

DEBORAH. A. ROBINSON, United States Magistrate Judge

By an order filed on September 4, 2013, the Court (Roberts, C.J.) allowed "limited supplemental expert discovery by an industrial psychologist expert due to the death of Defendant's previous such expert[.]" Order (Document No. 752) at 1.[1]

---

1. The parties addressed the circumstances which occasioned Defendant's request for leave to "find a replacement" for industrial psychologist it previously designated as an

In so ruling, and in providing dates for the completion of discovery with respect to "Defendant's replacement" for the previous expert, the Court determined that "[t]he Court will not permit the parties to conduct any further expert discovery other than that attendant to Defendant's replacement of [the previous expert]." *Id.* at 1–2.

■ Defendant served the report of Rick Jacobs, designated by Defendant as the "replacement" witness, on the date prescribed by the Court; however, Plaintiffs submit that the report "both vastly exceeds the scope of the [report of the previous expert] and materially alters its substance." Motion to Strike at 2. More specifically, Plaintiffs submit that Dr. Jacobs "sets forth *entirely new opinions* that Defendant has never before disclosed in 13 years of litigation[,]" and that to support those opinions, he "relies on *dozens* of sources that [the previous expert] never cited or otherwise relied on." *Id.* at 3 (emphasis in original). Maintaining that "[t]he Court should not permit Defendant, acting in violation of this Court's Order, to use the death of its expert as an excuse to back-door new opinions into the record[,]" *id.* at 4, Plaintiffs ask that the Court strike Dr. Jacobs' report.

Defendant opposes the motion, and characterizes it as "baseless." Defendant's Opposition to Motion to Strike Dr. Rick Jacobs' Expert Report (Document No. 764) ("Defendant's Opposition") at 1. Defendant submits that the report of Dr.⟍

Jacobs "fully complies with this Court's Order[,]" and that Dr. Jacobs "neither contradicts what is in the report of [the previous expert], nor substantively changes [the previous expert's] conclusions[.]" *Id.* at 2. Defendant proffers that the "ultimate conclusions" reached by Dr. Jacobs are "identical" to those delineated in the report of Defendant's first expert. *Id.* at 9.[2]

Plaintiffs, in their reply, dismiss Defendant's argument as a "caricature[,]" and maintain that Defendant—rather than merely substituting one industrial psychologist for another—has instead "attempt[ed] ... to backfill the record with brand-new expert opinions in violation of this Court's Order." Reply in Support of Motion to Strike Dr. Rick Jacobs' Expert Report (Document No. 765) ("Plaintiffs' Reply") at 1.

The hearing on the motion conducted by the undersigned spanned nearly three hours on the record, and at least one hour during which counsel conferred off the record. Counsel for Plaintiffs, relying on dozens of citations to the record, identified corresponding instances of (1) opinions stated by Dr. Jacobs which were not stated by the industrial psychologist first offered by Defendant as an expert; (2) opinions stated by Dr. Jacobs articulated in greater detail than those offered by his predecessor; and (3) reliance by Dr. Jacobs on entirely different sources than those on which his predecessor relied.[3]

---

expert witness—as well as Plaintiffs' objection to the request—are set forth in a status report filed by the parties on July 29, 2013. *See* Joint Status Report (Document No. 746) at 4 n.2, 7. From the bench, at a status hearing conducted on July 31, 2013, the Court characterized Defendant's request as "simply to replace the expert, not to expand beyond what the expert, who is deceased, unfortunately, has said[.]" Motion to Strike Dr. Rick Jacobs' Expert Report (hereinafter "Motion to

Strike") (Document No. 760), Exhibit 2 (Status Hr'g Tr., July 31, 2013 ECF No. 760-2) 12–13.

**2.** *But see id.* at 11 ("[B]oth experts' clear conclusions are essentially the same conclusions plaintiffs have known about for six years[.]") (emphasis supplied).

**3.** *See also* Motion to Strike at 3; Plaintiffs' Reply at 2–7.

Defendant, at the hearing, appeared to retreat from the argument advanced in its written opposition that Dr. Jacobs' opinions were "identical" to those expressed by his predecessor.[4] Instead, Defendant argued that (1) the "concepts" articulated by Dr. Jacobs were the same as those articulated by his predecessor, and (2) only "the wording" of the opinions differed. Defendant proposed that the Court, in lieu of striking the report as a remedy, "excise" the sentences of the report which Plaintiffs characterized as violative of the order permitting the Defendant to substitute one industrial psychologist for another. Additionally, Defendant suggested that because Plaintiffs would have an opportunity to conduct further discovery with respect to Dr. Jacobs' opinions, they would not be prejudiced. *See also* Defendant's Opposition at 12 ("Because plaintiffs have received all the information that informed Dr. Jacobs' opinions, and will have every opportunity to test Dr. Jacobs' opinions and rebut those opinions, there is no merit to the contention that they experienced any "unfairness" or prejudice.").

The undersigned, upon consideration of the proffers and arguments of counsel in the context of the entire record herein, will grant Plaintiffs' motion. The undersigned observes that the Court, in affording Defendant the opportunity to designate a successor industrial psychologist, made the parameters of that opportunity plain: in granting Defendant's request to designate another expert, the Court noted that

> the government has asked simply to replace the expert, not to expand beyond what the expert[ ] . . . has said[.]

Status Hr'g Tr. 13–14. Accordingly, the opportunity afforded Defendant was the opportunity to have a witness available at trial. *See id.* 14 ("I think it's good cause to want to replace[ ] . . . an expert to have a live witness at the trial."). Defendant,

by acknowledging that the "concepts" articulated by Dr. Jacobs were the same as those articulated by his predecessor, and only "the wording" of the opinions differed, concedes that Defendant exceeded the Court's parameters.

■ Defendant's proposal to excise from the report the objectionable "sentences" is unworkable. As Plaintiffs demonstrated, the additional opinions, the opinions articulated in greater detail, and the variations in the authorities on which Dr. Jacobs relied, all permeate Dr. Jacobs' report. The undersigned thus finds that it is not possible to "excise" objectionable "sentences"; indeed, any effort to do so would effectively eviscerate the report.

■ Defendant also suggests that the opportunity for Plaintiffs to take further discovery precludes a finding that Plaintiffs could be prejudiced by any variations between the reports of the two industrial psychologists. However, the undersigned finds that the order permitting "limited supplemental expert discovery,["] *see* Order (Document No. 752) at 1, presupposed that Defendant would not, though a successor industrial psychologist, seek to rely on additional opinions; opinions more thoroughly explained, and opinions based on additional authorities. Thus, the "limited supplemental expert discovery" for which the Court provided would be wholly inadequate in this circumstance.

Finally, the undersigned finds that the published opinions on which Defendant relies, *see* Defendant's Opposition at 8–9, are entirely inapplicable. None of the four is an opinion of a judge of this District. To the extent any of the opinions could even remotely be considered binding on this Court, it could only be with respect to the issue the Court determined in July 2013, *i.e.*, that the Court had discretion to per-

---

**4.** *See* n.2, *supra.*

.mit Defendant to substitute an expert witness for the one who, tragically, was no longer available to testify at trial. The undersigned finds that none of the four opinions has any bearing at all on the determination of the issue now before the Court: whether or not Defendant exceeded the parameters of the Court's order.

In sum, the issue before the undersigned is not—as Defendant suggests—whether "[i]t is unreasonable to expect two different experts to either share the exact same opinions about the same data or to express those opinions in the exact same way." *See* Defendant's Opposition at 2. Rather, the issue before the undersigned is whether or not Defendant complied with the Court's order precluding the successor industrial psychologist from "expand[ing] beyond what the [first] expert said[.]" Status Hr'g Tr. 14. As to that issue, the undersigned finds that Defendant indeed failed to comply.

For all of the foregoing reasons, it is, this 19th day of September, 2014,

**ORDERED** that Plaintiffs' Motion to Strike Dr. Rick Jacobs' Expert Report (Document No. 760) is **GRANTED.**